**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4181**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

CLYDE AUSTIN GRAY, JR., a/k/a Poochie,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Gerald Bruce Lee, District
Judge.  (1:09-cr-00326-GBL-2)

———————

Submitted:  August 17, 2010        Decided:  September 2, 2010

———————

Before KING, DUNCAN, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Rebecca Sue Colaw, REBECCA S. COLAW, PC, Suffolk, Virginia, for
Appellant.  Neil H. MacBride, United States Attorney, Timothy D.
Belevetz, Assistant United States Attorney, Alexandria,
Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clyde Gray appeals his conviction and 136 month sentence for one count of conspiracy to commit bank fraud in violation of 28 U.S.C. § 1349. The Government has moved to dismiss, citing Gray's waiver of appellate rights. We deny the Government's motion and affirm.

Gray argues on appeal: (1) that his apparently untimely appeal should be allowed to go forward because his trial counsel rendered ineffective assistance in failing to advise Gray that he could file an appeal; and (2) that trial counsel rendered ineffective assistance by failing to investigate the case and object to two separate two-level enhancements to Gray's offense level.

With respect to Gray's first contention, the Government does not oppose the appeal going forward as timely. Because the time limits for noting an appeal in a criminal case are not jurisdictional, and may be waived by the Government, we have jurisdiction to consider the remaining claim. See United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009) ("the non-statutory time limits in Appellate Rule 4(b) do not affect subject-matter jurisdiction").

The Government urges the court to dismiss Gray's appeal as waived. While Gray did execute an otherwise valid appellate waiver at the time he entered his guilty plea, claims

2

of ineffective assistance of counsel are generally exempt from the ambit of such waivers.  See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Attar, 38 F.3d 727, 732 (4th Cir. 1994).  Accordingly, we deny the motion to dismiss because we do not agree that Gray has waived his right to make this ineffective assistance of counsel claim on appeal.

That said, claims of ineffective assistance of counsel are generally not cognizable on direct appeal.  United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).  Rather, to allow for adequate development of the record, a defendant must bring his claim in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion.  Id.  An exception exists when the record conclusively establishes ineffective assistance.  United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).

We have reviewed the record and conclude that ineffective assistance of counsel is not present on its face. The claim is therefore not cognizable on direct appeal. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not assist the decisional process.

AFFIRMED

3